<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No.: 20-472 (KSH) |
| v. | |
| IAN LANCELOT URLING, | **OPINION** |
| *Defendant*. | |

**I.    Introduction**

This matter comes before the Court on the application for relief (D.E. 6) filed by *pro se* defendant Ian Lancelot Urling, which the Court will deem a motion seeking reconsideration of the Court's February 23, 2022 order (D.E. 5) denying his motion (D.E. 4) for early termination of supervised release.  For the reasons that follow, the motion is denied without prejudice.

**II.    Background**

On March 14, 2016, Urling pled guilty in the Middle District of Florida to conspiracy to possess with intent to distribute more than 500 grams of cocaine.  (D.E. 3-2 at 1.)  He was sentenced by Judge Timothy J. Corrigan to a mandatory minimum 60-month custodial term followed by a mandatory term of 48 months' supervised release with special conditions, including substance abuse testing and treatment.  (*Id.* at 2-4.)  Judge Corrigan placed a handwritten note on the judgment indicating that Urling's supervision term should be reviewed after two years.  (*Id.* at 3.)

The Court accepted a transfer of jurisdiction on June 8, 2020.  (D.E. 1.)  On February 15, 2022, almost 27 months into his term of supervised release, Urling moved for early termination on grounds that he had fully complied with the terms and conditions of his probation to date, had

1

rehabilitated himself, and believed that it would "further[] [his] rehabilitation efforts" to "go forward without further encumbrances." (D.E. 4 ¶¶ 4, 7.) United States Probation opposed early termination on grounds that Urling did not meet the requisite criteria under 18 U.S.C. § 3583(e)(1) because of his prior criminal history. (D.E. 5.)

On February 23, 2022, the Court denied Urling's request for early termination of supervised release. (D.E. 5.) Urling's filing under consideration now seeks the issuance of "an update" or "an order granting his request for early termination of supervised release[.]" (D.E. 6.) On October 14, 2022, the Court received a supervision status memorandum from Urling's supervising Probation Officer, which indicates generally that Urling has secured and maintained gainful employment, abstained from drug use, and prioritized spending time with his family since his release from prison. (D.E. 7.) It also states that "one of Mr. Urling[']s sons was murdered in Virginia" in June of 2021. (*Id.*) As well, Urling's Probation Officer supplied the Court with his Presentence Report dated August 18, 2016 (the "PSR" referenced *infra*), which had been prepared in connection with the offense he was sentenced on in the Middle District of Florida.

### III.   Applicable Law

"Although there is no Federal Rule of Criminal Procedure that explicitly governs" motions for reconsideration, "the Third Circuit has recognized that such motions may be filed in criminal matters." *United States v. Shumate*, 2022 WL 2063337, at *1 (D.N.J. June 8, 2022) (Hillman, J.) (citing *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003)). Urling's reconsideration motion is governed by Local Rule 7.1(i), which allows a party to seek

reconsideration where he believes the Court has overlooked information or controlling law.[1]

*See, e.g.*, *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Because reconsideration is an "extraordinary remedy," it is to be "granted sparingly." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citations omitted).

Turning to the merits, 18 U.S.C. § 3583(e) permits a district court to terminate a term of supervised release prior to its expiration. The statute provides, in pertinent part, as follows:

> The court may, after considering the factors set forth in [18 U.S.C. § 3553(a)], terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). Accordingly, a motion for early termination of supervised release is moored to the 18 U.S.C. § 3553(a) sentencing factors, which include: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a)(1), (a)(2), (a)(4)-(7).

---

[1] Urling's reconsideration motion is untimely under L. Civ. R. 7.1(i), which requires the motion to be filed within 14 days of entry of the original order. The Court will consider Urling's *pro se* motion on its merits.

3

Once the Court has considered these factors, it "may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). Accordingly, the Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)).

### IV. Discussion

Urling's original application supplied only general, conclusory statements about his present circumstances, unsupported by specifics. This was insufficient under the foregoing analysis. By virtue of the PSR and the status memorandum from his Probation Officer, the Court has more information, but practical details (*i.e.*, what are his family ties? responsibilities?) are still missing. Moreover, the PSR raises questions about how much is really known about Urling's family situation as it appears he has given conflicting information about his children in the past. (*See* PSR ¶¶ 52-53, 58-59.)

What is evident from the PSR is that Urling has an extensive criminal history. (*See id.* ¶¶ 32-49.) While this is not a bar to early termination under *Melvin*, it goes without saying that a detailed factual description of his present circumstances is a prerequisite to the Court's evaluation under the Section 3553(a) factors so it can determine whether early termination is "warranted by the defendant's conduct and is in the interest of justice." *Melvin*, 978 F.3d at 52.

As a consequence, Urling's request for reconsideration is **DENIED** without prejudice. Urling appears *pro se* and the PSR suggests literacy concerns. (*See* PSR ¶ 72.) The Court is advising him of this decision by mail and also sending it to his Probation Officer to ensure he receives it. A copy of this decision is being sent to the Officer of the Public Defender in the event Urling seeks further review by way of a hearing.

An appropriate order will issue.

Date: October 20, 2022

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.